IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RODNEY JAMES REDMOND,

                        Plaintiff,

v.

LARRY FUCHS, OFFICER JAHNKE,
and OFFICER JACOBI,

                        Defendants.

OPINION and ORDER

20-cv-289-jdp

---

Plaintiff Rodney James Redmond, appearing pro se, is a prisoner at Columbia Correctional Institution (CCI). Redmond alleges that COVID-19-prevention measures taken by CCI staff regarding food service, showers, and cleaning supplies are not enough to keep him safe. Defendants have filed a motion for summary judgment based on Redmond's failure to exhaust his administrative remedies on his claims. Dkt. 15.

The Prison Litigation Reform Act requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about prison conditions. 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. To exhaust administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in Wisconsin Administrative Code Chapter DOC 310. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89

(2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendants. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Defendants say that Redmond did not file any grievances about CCI's efforts at preventing the spread of COVID-19. They provide a copy of his grievance history report supporting this: the report shows that Redmond hasn't filed an inmate grievance in about five years. Dkt. 17-1. Redmond did not respond to defendants' summary judgment motion, so I accept their evidence as undisputed. I will grant their motion for summary judgment and dismiss this case. That dismissal will be without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice).

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment on exhaustion grounds, Dkt. 15, is GRANTED.
2. This case is DISMISSED without prejudice.
3. The clerk of court is directed to enter judgment for defendants and close the case.

Entered November 3, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge